**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DAVID L. CHAPMAN, JR.
ADC #120704                                                                                                    PLAINTIFF

V.                                             5:05CV00127 WRW/HDY

TROY WILSON                                                                                                  DEFENDANT

**ORDER**

On April 18, 2006, this Court entered an order dismissing Plaintiff's amended complaint (docket entry #124). Plaintiff has now filed a motion requesting the Court to reconsider that order (docket entry #137). Plaintiff's motion alleges that his appointed counsel at that time was ineffective, and failed to file any objections to the Magistrate Judge's recommendation that his amended complaint be dismissed. In connection with his motion for reconsideration, Plaintiff, now proceeding *pro se*, has filed objections to the Magistrate Judge's recommendations (docket entry #138).[1]

Plaintiff's amended complaint alleged that, on February 16, 2005, Defendant threatened to spray Plaintiff with chemical spray in connection with an incident in which Plaintiff had questioned the merits of an order given by another correctional officer. Plaintiff was served with a disciplinary charge as a result of his conduct regarding the order, and was found guilty. Plaintiff alleged that the disciplinary charge was written in retaliation for his asking for a grievance form, and because a superior officer told Defendant he would handle the situation. In granting Defendants' motion to dismiss the amended complaint, this Court determined that threats are generally not actionable under 42 U.S.C. § 1983, *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992), and that Plaintiff's

---

[1] Plaintiff's motion for reconsideration (docket entry #137) and objections (docket entry #138) will be considered together.

case did not merit an exception to that rule. This Court further determined that Plaintiff's retaliatory discipline claim failed because he was convicted of the charge. *See Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993) (if alleged retaliatory discipline was imposed for actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory fails).

The Court has carefully considered the arguments Plaintiff has raised in his motions, and concludes that Plaintiff has shown no reason for the Court to reconsider its prior decision to dismiss his amended complaint. Although Plaintiff cites *Hudson v. McMillian*, 503 U.S. 1 (1992), for the proposition that mere threats can be actionable, a close reading of the case reveals that the inmate in *Hudson* sustained bruises, swelling, loosened teeth, and a cracked dental plate, in a beating he received from state correctional officers. *Id*. at 10. In Plaintiff's case, there is no allegation that he was touched or sprayed with chemical spray during the incident in question. Thus, *Hudson* is inapposite. Another case cited by Plaintiff, *Parker v. Asher*, 701 F.Supp 192 (D.Nev. 1988) is a district court case from another jurisdiction, and is not binding on this Court. Although the cite he provided was incorrect, it appears that Plaintiff also seeks to rely on *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986), another case from outside the Eighth Circuit. In *Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986), an inmate alleged that a guard pointed his revolver at the inmate, cocked it, and told him to run so he could "blow [his] brains out." *Id*. at 99. According to the Court's opinion, the guard threatened the inmate with death shortly after he testified against another guard in a 42 U.S.C. § 1983 action, the threat was accompanied by racial epithets, and another guard took the threat seriously enough to step between the guard and inmate. The Court held that a prisoner retains at least the right to be free from the "terror of instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton* at 100. Upon review of Plaintiff's amended complaint, it is clear that

Plaintiff was never in fear of "instant and unexpected death," and this Court concludes that the Magistrate Judge properly determined the threatening actions alleged by Plaintiff did not rise to the level of a constitutional violation.

Plaintiff's amended complaint also fails to state a claim for denial of the forms for him to file a grievance. In fact, Plaintiff even admits in his amended complaint that he did receive a grievance form, although it was four days later. Thus, Plaintiff has not been prevented from pursuing his grievance, nor is there any evidence that he has been denied access to the Courts. Moreover, Plaintiff's allegation that this delay was motivated at least in part by retaliation for his exercising his constitutional rights was not part of the "statement of claims" he set forth in his amended complaint. In his amended complaint, at page 10, Plaintiff alleged that the threats and denial of the grievance form were done in retaliation for his use of a racial slur.

As discussed above, the disciplinary action which Plaintiff alleged to be retaliatory is not actionable because it was imposed for a violation of prison rules, and Plaintiff was convicted of the charges. Finally, because the Court has dismissed all other claims arising from the incidents of February 16, 2005, there is no reason for it to exercise supplemental jurisdiction over his state claims regarding those incidents. *See* 28 U.S.C. § 1367. Thus, Plaintiff's motion for reconsideration is denied, and he will be allowed to proceed solely on his claim that Defendant improperly used chemical spray in an incident on December 13, 2004.

IT IS THEREFORE ORDERED THAT Plaintiff's motion for reconsideration (docket entry #137) is DENIED.

DATED this 13th day of July, 2006.

/s/Wm . R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE