**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID L. CHAPMAN, JR.
ADC #120704                                                                                          **PLAINTIFF**

V.                                             5:05CV00127 WRW/HDY

TROY WILSON                                                                                      **DEFENDANT**

## ORDER

On January 30, 2007, Plaintiff filed a motion for Rule 37 sanctions (docket entry #314), seeking that the Court enter as a sanction an order of default judgment against Defendant. According to Plaintiff, he has been denied adequate access to his medical records and to the law library at the East Arkansas Regional Unit of the Arkansas Department of Correction. Plaintiff contends that this denial of access is in violation of a January 12, 2007, order by United States Magistrate Judge H. David Young, which directed counsel for Defendant to ensure that Plaintiff had access to his medical records according to prison policy (docket entry #304), and that it has hindered him in his preparation for his upcoming trial.[1]

On February 12, 2007, Judge Young entered an order denying Plaintiff's motion for sanctions (docket entry #321). Plaintiff has now filed a motion to set aside that order (docket entry #323). Although Plaintiff complains that he has been hindered in his preparation for his upcoming trial, he represented to the Court in a February 2, 2007, filing, that he was prepared for trial at that time, and that all discovery and pre-trial matters had been settled (docket entry #317).

Even assuming Plaintiff is being denied access to his medical records at the East Arkansas

---

[1] That order also directed counsel for Defendant to ensure that Plaintiff's medical records were brought to the trial so that the Court could fully consider any medical issues that might arise.

1

Regional Unit, it would be inappropriate to grant default judgment against Defendant, who is a guard at the Varner Unit, and not in control of Plaintiff's records access at the East Arkansas Regional Unit. Moreover, the gravamen of Plaintiff's complaint is that Defendant sprayed him with pepper spray after the two exchanged words, then left him confined in a cell for 20 minutes without notifying supervisors, or taking him to the showers to wash off the chemical agent. Thus, Plaintiff's complaint appears to relate to the unnecessary and punitive use of force, and not directly to a medical condition or treatment. However, to ensure that any medical issues that arise at trial may be fully considered, counsel for Defendant is directed to ensure that Plaintiff's medical jacket is brought to the trial for the Court's review.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to set aside Judge Young's order (docket entry #323) is DENIED.

2. Counsel for Defendant is directed to ensure that Plaintiff's medical jacket is brought to the trial of this matter.

DATED this 1st day of March, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE